**UNITED STATES of America,**
**Appellee,**

v.

**Leonard A. JOHNSON, a/k/a "Eric Jones," a/k/a "Leonardo Johnson," Defendant–Appellant.**

**No. 00–1670.**

United States Court of Appeals,
Second Circuit.

Nov. 28, 2001.

Lawrence D. Gerzog, Esq., New York, NY, for appellant.

Michael S. Kim, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York, Jonathan S. Kolodner, David Raymond Lewis, Assistant United States Attorneys, on the brief, New York, NY, for appellee.

Present WALKER, Chief Judge, POOLER, KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Leonard Johnson appeals from the October 2, 2000 judgment of the district court convicting him, pursuant to a jury verdict, of bank robbery in violation of 18 U.S.C. § 2113(a) ("Count One"), armed bank robbery in violation of 18 U.S.C. § 2113(b) ("Count Two"), and the use and carrying of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c) ("Count Three"). He was principally sentenced to concurrent sentences of 240 months imprisonment and 274 months imprisonment for Counts One and Two, respectively, and 300 months imprisonment for Count Three to run consecutively to all of his other terms of imprisonment.

On appeal, Johnson argues that the district court erred in (1) admitting a gun and clothing taken from him two weeks after the robbery; (2) finding that defendant received effective counsel in accordance with the Sixth Amendment; (3) denying his request for substitute counsel in violation of the Sixth Amendment; (4) considering evidence during the *Fatico* hearing that defendant claims was taken in contravention of the Fourth Amendment; (5)

sentencing him as a career offender without consideration of individual factors; and (6) admitting evidence of his refusal to submit palm and finger prints and allowing the jury to draw an adverse inference from the refusal.

Appellant's conviction stems from a bank robbery that took place on August 10, 1998, during which appellant, wearing sunglasses and a baseball cap, passed a demand note to a bank teller, Tiffany Whitlock, pushed a silver-plated automatic pistol through a money tray, and then pointed the gun at Whitlock. The next day, a man whom Whitlock identified as Johnson returned to the bank. Another bank employee, who identified someone other than Johnson from a photo array, described the man as wearing a blue jean jacket and a baseball cap. Two weeks later, Johnson was arrested by the North Carolina police following another bank robbery, a fact not revealed to the jury. Sunglasses, light-colored baseball caps, a blue jean jacket, and a silver automatic pistol were taken from the car Johnson was driving.

■ Appellant argues that the clothing and gun recovered in North Carolina were erroneously admitted. We review a trial judge's decision to admit evidence for an abuse of discretion. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000). Given that both Whitlock and another bank employee described Johnson's clothing as similar to that recovered, that Whitlock described the gun used during the robbery as a silver-plated automatic pistol, and that all of these items were found together in the defendant's possession, we find that Judge Rakoff did not abuse his discretion in finding that the items were probative as to the identity of the robber without risk of undue prejudice to defendant. *See United States v. Ravich*, 421 F.2d 1196, 1203–05 (2d Cir.1970).

■ Appellant's complaints about his counsel's performance are without merit. Trial counsel's decisions were reasonable. Moreover, given the substantial evidence linking Johnson to the crime, including fingerprints on the robbery note, a palmprint on the money tray, and Whitlock's positive identification from a photo array, defendant fails to establish that any error would have resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–89, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Nor are we persuaded by appellant's argument that the district court abused its discretion in refusing to appoint substitute counsel shortly before trial. Appellant failed to articulate any legitimate reason to doubt counsel's abilities or to show that communications between him and his counsel had been impaired. *See McKee v. Harris*, 649 F.2d 927, 932 (2d Cir.1981). The district court was entitled to consider the delay that substitution of counsel would have caused. *See generally United States v. Carroll*, 510 F.2d 507, 510 (2d Cir.1975).

■ On April 5, 2000, Johnson set off a metal detector as he was being taken to hear the jury's verdict. X-rays later revealed Johnson's bowels contained a box cutter blade. Appellant claims that the X-ray of his bowels was taken in violation of his Fourth Amendment rights and therefore should not have been considered at his *Fatico* hearing. *See United States v. Fatico*, 579 F.2d 707 (2d Cir.1978). This argument is meritless. A district court is required to consider all relevant evidence at sentencing, even if unconstitutionally obtained. *United States v. Tejada*, 956 F.2d 1256, 1263 (2d Cir.1992). Furthermore, where, as here, significant institutional security concerns are involved, the X-ray was a reasonable search under the

Fourth Amendment because the authorities had reason to believe that Johnson possessed contraband on or within his person. *See Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

■ Appellant was sentenced as a career offender based on the number of prior crimes he committed. Appellant argues that Judge Rakoff erred at sentencing by concluding that the court lacked the discretion to depart downwards on the basis that the prior crimes constituting his career offender status involved only small quantities of drugs. This was an error because we have held in a case subsequent to the sentencing in this case that a district court may depart from the career offender level based on an individual assessment of the seriousness of defendant's prior crimes. *See United States v. Mishoe,* 241 F.3d 214, 219 (2d Cir.2001). However, at sentencing, Judge Rakoff stated that even if he had the power to depart downwards, he would couple any two level downward departure with an upward departure of two levels based upon the razor blade incident, making it "a wash either way." That the sentence would have been the same under either calculation renders remand unnecessary. *See United States v. Bermingham,* 855 F.2d 925, 931–32 (2d Cir.1988).

■ Finally, appellant's argument that the district court erred in admitting evidence of his refusal to provide palm and finger prints and allowing the jury to draw an adverse inference from the refusal is meritless because it is well-established that such evidence may be introduced and that the jury may draw an adverse inference from a defendant's refusal to provide prints. *See United States v. Terry,* 702 F.2d 299, 313–14 (2d Cir.1983).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.