**Frank Wayne JOHNSON,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 01–16947.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Filed April 2, 2004.

Sung Lee, Assistant Federal Public Defender, Sacramento, CA, for the petitioner-appellant.

Samantha S. Spangler, Assistant United States Attorney, Sacramento, CA, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.

SCHROEDER, Chief Judge:

Federal prisoner Frank Wayne Johnson appeals from the district court's denial of his 28 U.S.C. § 2255 petition challenging his sentence for possession of methamphetamine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He also claims ineffective assistance of counsel.

In 1993, Johnson was sentenced to 151 months imprisonment to be followed by 60 months of supervised release under the Sentencing Guideline range for D-methamphetamine. U.S. Sentencing Guidelines Manual § 2D1.1. This was prior to the elimination of any distinction between D and L-methamphetamine in sentencing. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (1995). He now claims he should have been sentenced for possession of L-methamphetamine.

There is no merit to Johnson's substantive claim that he should have been

sentenced under the lower guideline range for L-methamphetamine. Neither he nor his counsel, at trial, sentencing or on appeal, ever raised an issue with respect to the type of methamphetamine involved in the offense. A petitioner may not collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a direct appeal, because the government does not bear the burden of proving the type of methamphetamine unless the defendant raises the issue. *United States v. Scrivner*, 114 F.3d 964, 969(9th Cir.1997). Nor is there any merit to Johnson's claim of ineffective assistance of counsel for failing to raise the issue at sentencing. *See United States v. McMullen*, 98 F.3d 1155, 1158(9th Cir.1996) (holding that attorney performance does not fall below objective standard of reasonableness if no proof indicates that defendant actually possessed L-methamphetamine). Johnson has never offered any evidence that the substance involved was L rather than D-methamphetamine. Therefore, he has not shown that his attorney provided ineffective assistance of counsel.

The more interesting issue in the case, however, is a procedural one. It is whether the district court should have dismissed the petition as successive under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), rather than denying it on the merits. This is technically a second 2255 petition, but it is the first to reach the merits of Johnson's sentence. The first petition Johnson filed was a challenge to his lawyer's failure to file a timely notice of appeal from his original sentencing. That petition was successful, and pursuant to the parties' stipulation, the writ was granted so that the trial court could resentence and provide a new basis for a timely appeal. Johnson did appeal.

In that appeal, decided in 1998, we affirmed the district court's denial of the defendant's motion to suppress evidence, but, under customary practice, deferred to collateral proceedings to develop the record with respect to a new claim of ineffective assistance of counsel. *United States v. Johnson*, No. 97–10345, 1998 WL 814494 (9th Cir. Nov.20, 1998).

■ The critical point is that Johnson's first petition was filed only to rescue his right of appeal. It was not a true collateral attack on his original sentence. This petition is. We therefore conclude that the district court correctly held that this petition should not be dismissed as a successive petition and correctly ruled on the merits of the challenges. We hold that a successful 2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge "second" or "successive" under AEDPA.

■ In so holding, we join the majority of circuits that have considered the issue. *See In re Olabode*, 325 F.3d 166(3d Cir. 2003); *McIver v. United States*, 307 F.3d 1327 (11th Cir.2002); *In re Goddard*, 170 F.3d 435, 438 (4th Cir.1999); *Shepeck v. United States*, 150 F.3d 800 (7th Cir.1998) (per curiam); *United States v. Scott*, 124 F.3d 1328 (10th Cir.1997) (per curiam). As the Eleventh Circuit recently pointed out: "[w]hen a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to 'put [the defendant] back in the position he would have been in had his lawyer filed a timely notice of appeal.' " *McIver*, 307 F.3d at 1331(quoting *In re Goddard*, 170 F.3d at 437). The most recent circuit to so hold was the Third Circuit in *In re Olabode*. It outlined the opinions of all circuits considering the issue and decided that while the minority position, requiring petitioners to bring all claims initially and viewing subsequent petitions as barred by res judicata was not

an unreasonable position, it was not a persuasive one. *In re Olabode*, 325 F.3d at 172.

The district court in this case properly recognized that this 2255 petition was the functional equivalent of a first 2255 petition and correctly held that it was not a second successive petition. The district court also correctly denied the petition on the merits because of Johnson's failure to question the applicability of the D-methamphetamine range or offer proof of any evidence that it was inapplicable despite repeated opportunities to do so.

AFFIRMED.