10-2354-op
Robert F. Wall v. USA

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Submitted: August 9, 2010     Decided: September 2, 2010)

Docket No. 10-2354-op

ROBERT F. WALL,

*Petitioner,*

−v.−

UNITED STATES OF AMERICA,

*Respondent.*

Before:

RAGGI, WESLEY, LYNCH, *Circuit Judges.*

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 petition. However, because the claims in his first § 2255 petition were, in substance, incorporated into his subsequent direct appeal, his proposed § 2255 petition is not "second or successive." 28 U.S.C. § 2255(h). Accordingly, we deny his application as unnecessary, and transfer the matter to the district court with instructions that his § 2255 petition be accepted for filing.

ROBERT F. WALL, *pro se*, Sandstone, MN.

PER CURIAM:

Petitioner Robert F. Wall, proceeding *pro se*, seeks leave to file a successive 28 U.S.C. § 2255 petition raising various challenges to his judgment of conviction, entered on July 31, 2009, for the possession of child pornography.  We hold that Wall's prior § 2255 petition, challenging an earlier judgment of conviction entered in this case on September 25, 2007, does not count for purposes of determining whether his current motion is "second or successive" under 28 U.S.C. § 2255(h).  Not only did that petition result in the vacatur of the original judgment and entry of a new one, but the gravamen of Wall's prior petition was incorporated into his subsequent direct appeal.  Only thereafter did Wall first petition for § 2255 relief from the July 31, 2009 judgment.  Under these circumstances, we deny the successive motion as unnecessary, and transfer the matter to the district court with instructions that Wall's § 2255 petition be accepted for filing.

## I.  BACKGROUND

In September 2007, Wall was convicted pursuant to a plea agreement for possession of child pornography, and was

2

sentenced principally to a term of ten years' imprisonment. No direct appeal was filed at that time. In March 2008, Wall filed a § 2255 petition, *pro se*, in which he argued that he was denied the effective assistance of counsel because his attorney neglected to appeal his conviction when Wall asked him to do so. Wall also included a number of challenges to the legality of his conviction and sentence in that petition.

In August 2008, the district court ordered a hearing on the issue of whether Wall had timely notified his attorney of his desire to appeal the conviction, and dismissed Wall's remaining claims on their merits. In lieu of an evidentiary hearing, the parties stipulated that Wall *did* want to appeal his conviction, but that his attorney failed to advise him of the need to file a timely notice of appeal.

In July 2009, the court granted the ineffective-assistance portion of Wall's § 2255 petition based on the parties' stipulation, but indicated that Wall's remaining claims were denied for the reasons articulated in the court's August 2008 order. To provide Wall the opportunity for a direct appeal that he never had, the court vacated its September 2007 judgment of conviction, and entered an

3

amended judgment of conviction with terms identical to those in the prior judgment. Wall then filed a timely notice of appeal from both the amended judgment of conviction and the court's partial denial of his § 2255 petition.

Our Court consolidated Wall's appeals. His appointed counsel subsequently moved to be relieved as appellate counsel, *Anders v. California*, 386 U.S. 738 (1967), and the Government moved for summary affirmance of Wall's conviction. In April 2010, our Court: (1) granted counsel's *Anders* motion; (2) granted the Government's motion for summary affirmance as to the non-incarceratory portions of Wall's sentence; (3) construed the Government's motion, as to the conviction and incarceratory portions of Wall's sentence, as a motion to dismiss the appeal based on the waiver of appellate rights contained in Wall's plea agreement; and (4) dismissed the appeal. At the same time, our Court construed Wall's notice of appeal from the partial denial of his § 2255 petition as a motion for a certificate of appealability, which we denied. In July 2010, Wall filed the present motion for leave to file a successive § 2255

petition.[1]

**II. DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petitioner incarcerated pursuant to a federal judgment cannot bring a "second or successive" petition for habeas relief, unless he or she obtains permission from a court of appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b). However, before determining whether to grant such a motion, our threshold inquiry is whether the proposed petition would be successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 639-40 (1998). In order for a proposed § 2255 petition to be deemed successive, "it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (internal quotation marks omitted).

Though AEDPA does not define the phrase "second or successive," we have previously held that "a motion under §

---

[1] Because Wall filed his application on July 14, 2010, the statutory deadline for decision was August 13, 2010. *See* 28 U.S.C. § 2244(b)(3)(D). However, we may "exceed the 30-day limit . . . where an issue requires a published opinion that cannot reasonably be prepared within 30 days." *Galtieri v. United States*, 128 F.3d 33, 37 (2d Cir. 1997).

5

2255 is not a substitute for direct appeal." *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005) (noting that claims available to be asserted on direct appeal, but were not, are procedurally defaulted and may not be raised in a subsequent § 2255 proceeding unless certain conditions are met). Moreover, habeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature. *See United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984).[2]

Here, the district court granted relief on the ineffective assistance claim raised in Wall's first § 2255 petition by vacating the original judgment of conviction and entering a new one.[3] In this way, the court placed Wall in

---

[2] In *United States v. Outen*, however, we held that "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," and noted that concerns over such a practice were motivated solely by judicial economy and the possibility that "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." 286 F.3d 622, 632 (2d Cir. 2002).

[3] Because Wall's original judgment of conviction was vacated entirely and a new judgment was entered, this case is unlike those in which the petitioner's first habeas petition is granted as to his sentence, in whole or in part, and the petitioner subsequently files another habeas petition challenging the unamended portions of his sentence, or the underlying conviction itself. *See, e.g., Galtieri v.*

the same position he would have been in but for the Sixth Amendment violation: he was given an avenue to pursue a direct appeal from his conviction and sentence. At that point, Wall's remaining claims were more properly left for consideration on direct appeal from the amended judgment in the first instance. Accordingly, the district court should have dismissed those claims as premature instead of disposing of them on their merits.

In any event, the substance of those additional claims — set forth in Wall's first § 2255 petition — were subsequently incorporated into his direct appeal when the two appeals were consolidated. In granting counsel's *Anders* motion, along with the Government's motion to dismiss, our Court tacitly acknowledged that the claims contained in Wall's § 2255 petition were potential arguments on direct appeal, but were frivolous. *See Anders*, 386 U.S. at 744. Under these circumstances, we will not penalize a prisoner, who files a successful § 2255 petition challenging the unconstitutional denial of his opportunity for a direct appeal, for simultaneously including claims challenging a

---

*United States*, 128 F.3d 33, 37-38 (2d Cir. 1997).

conviction that the district court vacated.

This view is consonant with our practice of permitting a petitioner not only a direct appeal but "one full opportunity to seek collateral review" of a judgment. *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted). We avoid the liberal use of AEDPA's gatekeeping function to deprive petitioners of that latter opportunity. *See, e.g., Whab v. United States*, 408 F.3d 116, 118-19 (2d Cir. 2005); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). In sum, "when a petitioner is forced to use a [§ 2255] motion to obtain a direct appeal," and a district court enters an amended judgment to afford such appeal, we will not bar a subsequent § 2255 motion attacking the amended judgment, for to do so "would strip the petitioner of the opportunity to lodge a 'true collateral attack on his [conviction and] sentence,' which is the explicit purpose of [§] 2255." *Urinyi v. United States*, 607 F.3d 318, 321 (2d Cir. 2010) (quoting *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004).

In short, because the claims contained in Wall's prior § 2255 petition were, in substance, incorporated into his direct appeal from the amended judgment of conviction, his

8

proposed § 2255 petition represents his first true "collateral" attack to his conviction. "[B]y permitting the petitioner to file a subsequent [§] 2255 motion attacking the conviction and sentence, the petitioner is restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal." *Id*. Accordingly, Wall's proposed § 2255 petition is not "second or successive" under AEDPA, and he need not obtain leave from our Court as a precondition for filing in the district court.

## III. CONCLUSION

For the foregoing reasons, Wall's motion for leave to file a successive § 2255 petition is DENIED as unnecessary, and the matter is transferred to the district court with instructions that a new § 2255 petition be accepted for filing.[4]

---

[4] Wall has also filed a motion for bail pending habeas litigation and a "motion for reconsideration" addressing his motion for bail, which we construe as supplementary papers in support of that motion. Because Wall is presently seeking permission to file a habeas petition, it is not clear whether he is eligible for bail pending habeas litigation. In any event, even if he were eligible, he does not meet the rigorous standard. *See Mapp v. Reno*, 241 F.3d

221, 226 (2d Cir. 2001) (noting that "[t]he standard for bail pending habeas litigation is a difficult one to meet: [t]he Petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective") (first, third, and fourth alterations in original; internal quotation marks omitted).  Accordingly, Wall's motion for bail is denied.