10-3046-op
Johnson v. United States

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted: August 23, 2010                    Decided: October 8, 2010)

Docket No. 10-3046-op

_____

LEONARD C. JOHNSON,

*Petitioner*,

v.

UNITED STATES OF AMERICA,

*Respondent*.

_____

Before: KATZMANN and HALL, *Circuit Judges*, GARDEPHE, *District Judge*.[1]

Petitioner applies for leave to file a successive 28 U.S.C. § 2255 motion. Petitioner's proposed § 2255 motion, however, would not be "second or successive" under 28 U.S.C. § 2255(h), because it is his first § 2255 motion challenging his amended judgment of conviction. Accordingly, we deny the successive application as unnecessary and transfer the matter to the district court with instructions that a new § 2255 motion be accepted for filing.

LEONARD C. JOHNSON, Waymart, Pa., *pro se.*

KATHERINE POLK FAILLA, Assistant United States

---

[1] The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

Attorney, *for* Preet Bharara, United States Attorney, Southern District of New York, New York, N.Y.

KATZMANN, *Circuit Judge*:

Petitioner Leonard C. Johnson, proceeding *pro se*, seeks leave to file a successive 28 U.S.C. § 2255 motion challenging his amended judgment of conviction for armed bank robbery and carrying a firearm during a crime of violence. We hold that Johnson's proposed § 2255 motion would not be successive in light of the Supreme Court's decision in *Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788 (2010), because it is his first § 2255 motion challenging the amended judgment of conviction, and that *Magwood* partially abrogates this Court's decision in *Galtieri v. United States*, 128 F.3d 33 (2d Cir. 1997). We therefore deny the successive application as unnecessary and transfer the matter to the district court with instructions that a new § 2255 motion be accepted for filing.

**Background**

In October 2000, Johnson was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), armed bank robbery, in violation of 18 U.S.C. § 2113(d), and using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to concurrent imprisonment terms of 240 months and 274 months for his bank robbery and armed bank robbery convictions, and to a consecutive imprisonment term of 300 months for his firearm conviction. In November 2001, we affirmed Johnson's conviction and sentence. *See United States v. Johnson*, 24 Fed. Appx. 70 (2d Cir. 2001) (summary order).

In November 2002, Johnson filed a *pro se* § 2255 motion[2] arguing that, *inter alia*, his

---

[2] We generally refer to a habeas request under § 2255 as a "motion," a habeas request under § 2254 as a "petition," and a request for leave to file a second or successive § 2255 motion

2

convictions for both bank robbery and armed bank robbery constituted double jeopardy. After the district court denied this motion, we granted a certificate of appealability with respect to Johnson's double jeopardy claim and appointed counsel. In September 2008, we held that the district court erred in entering two separate convictions and concurrent sentences for both bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d). *See Johnson v. United States*, 293 Fed. Appx. 789, 790 (2d Cir. 2008) (summary order). Accordingly, we modified Johnson's judgment of conviction by vacating his conviction and sentence under 18 U.S.C. § 2113(a), and affirmed the judgment as modified. *Id*. at 790-91.

In July 2010, Johnson filed the present application for leave to file a successive § 2255 motion.[3] In his successive application, Johnson argues that this Court erroneously modified his judgment of conviction by vacating his conviction and sentence for bank robbery. Instead, he contends, we should have vacated his conviction and sentence for both armed bank robbery and for using a firearm in connection with a crime of violence. Additionally, Johnson argues that the indictment against him was defective and that he received ineffective assistance of counsel at various stages of his case.[4]

_____

or § 2254 petition as an "application for leave to file a successive" motion or petition, or a "successive application." In *Galtieri*, however, this Court used the term "petition" to refer to a habeas request under § 2255, and in *Magwood*, the Supreme Court uses the term "application" to refer to a habeas request under § 2254. *See Galtieri*, 128 F.3d at 37-38; *Magwood*, 130 S. Ct. at 2802.

[3] Because Johnson filed his successive application on July 29, 2010, the statutory deadline for decision was August 30, 2010. *See* 28 U.S.C. § 2244(b)(3)(D); FED. R. APP. P. 26(a). However, we may "exceed the 30-day time limit . . . where an issue requires a published opinion that cannot reasonably be prepared within 30 days . . . ." *Galtieri*, 128 F.3d at 37.

[4] Johnson previously filed a successive application in this Court raising the same claims, which we denied for failure to satisfy the criteria set forth in 28 U.S.C. § 2255(h). That determination would normally be binding under the law of the case doctrine, which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court

**Discussion**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner incarcerated pursuant to a federal judgment cannot bring a "second or successive" motion for habeas relief, unless he or she first obtains permission from a court of appeals. *See* 28 U.S.C. § 2255(h). Before determining whether to grant an application for leave to file a successive § 2255 motion, however, we must first determine whether the proposed motion would in fact be successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 639 (1998).

In *Galtieri v. United States*, we considered whether a proposed § 2255 motion should be considered successive where, as here, a defendant's first § 2255 motion resulted in an amended criminal judgment. *See* 128 F.3d at 37. We held that where the amended judgment altered a portion of the sentence and did not affect the conviction,

> [A] subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.

*Id*. at 37-38. We reasoned that such an approach prevented a defendant from raising claims in a second § 2255 motion that were available to be raised in his or her first § 2255 motion. *Id*. at 37.

Were we to apply *Galtieri* here, Johnson's proposed § 2255 motion would be successive. Although Johnson nominally seeks to challenge the amended judgment by claiming that his sentence was erroneously modified, he effectively seeks to relitigate his first § 2255 motion,

---

in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)(internal quotation marks omitted). The law of the case doctrine is not controlling, however, where there has been an intervening change in law. *See id*. at 99-100. As discussed below, the relevant law has changed in light of the Supreme Court's decision in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010).

4

contending that the original judgment should have been modified in a different way than we decided in our September 2008 summary order. Moreover, Johnson's present claims could have been raised in his first § 2255 motion.

We conclude, however, that our decision in *Galtieri* cannot be reconciled with the Supreme Court's recent decision in *Magwood v. Patterson*. In *Magwood*, after a state prisoner had filed a § 2254 petition challenging his Alabama murder conviction and death sentence, the district court conditionally granted his petition and vacated his death sentence. *See Magwood*, 130 S. Ct. at 2791-93. The trial court subsequently held new sentencing proceedings, and it again sentenced the state prisoner to death. *Id*. at 2793. He then filed a § 2254 petition challenging his new sentence on the ground that, *inter alia*, he did not have fair warning that his conduct would be sufficient to warrant a death sentence under Alabama law. *Id*. at 2794. The district court granted the petition, concluding that it was not successive under 28 U.S.C. § 2244(b) and that the state prisoner's fair warning claim was meritorious. *Id*. at 2794-95. The Eleventh Circuit reversed. *Id*. at 2795. The Eleventh Circuit adopted an approach similar to the approach taken in *Galtieri*, and concluded that the state prisoner's fair warning claim was successive because it could have been raised in his prior § 2254 petition. *Id*.

The Supreme Court rejected the Eleventh Circuit's interpretation of 28 U.S.C. § 2244(b) and reversed. *Id*. at 2803. The Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged[,]" and that, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Id*. at 2797, 2802 (internal quotation marks omitted). Additionally, the Court held that the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. at 2798. The Court relied

5

primarily on the statutory text, reasoning that "[t]he limitations imposed by § 2244(b) apply only to a 'habeas corpus application under § 2254,' that is, an 'application for a writ of habeas corpus on behalf of a person in custody pursuant to *the judgment* of a State court[.]'" *Id.* at 2797 (quoting 28 U.S.C. § 2254(b)(1) (emphasis in original). Because the state prisoner's § 2254 petition was his first collateral attack on the "intervening judgment" between his first and second § 2254 petitions, the Court concluded that it was not successive under 28 U.S.C. § 2244(b). *Id.* at 2801, 2803.

We are called upon to decide whether the rule set out in *Magwood* applies to the case before us.[5] To do so, we must first determine whether the holding in *Magwood*, which concerned a § 2254 petition, also applies to § 2255 motions. The Supreme Court's decision was based primarily on language in § 2254 that refers to a habeas petition filed "on behalf of a person in custody pursuant to *the judgment* of a State court." *Id.* at 2792; 28 U.S.C. § 2254(b)(1) (emphasis in original). Section 2255 does not contain a similar reference to the judgment of a federal court, referring only to "[a] prisoner in custody under *sentence* of a court established by Act of Congress[,]" and permitting such a prisoner to move "to vacate, set aside or correct the *sentence*." 28 U.S.C. § 2255(a) (emphasis added).

The term "sentence" in § 2255(a), however, does not have a materially different meaning than the term "judgment" in § 2254(b). These two terms are often used interchangeably. *See*

---

[5]In *Wall v. United States*, the defendant's first § 2255 motion was filed and decided on the merits prior to his direct criminal appeal; in fact, the § 2255 relief granted by the district court reopened the time to take a direct appeal by entering a new judgment. *See* __ F.3d __, 2010 WL 3440869, at *2 (2d Cir. Sept. 2, 2010). In those circumstances, we held that the claims in the § 2255 motion were incorporated into the direct appeal, and, as a result, the defendant's subsequent § 2255 motion was not successive. *Id.* at *2-3. Although the subsequent § 2255 motion at issue in *Wall* was attacking an amended judgment of conviction for the first time, that fact did not play a significant role in our decision. *See id.* Here, by contrast, Johnson's only direct appeal was perfected prior to his filing a § 2255 motion, and thus *Wall* is distinguishable.

*Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)); Black's Law Dictionary (8th ed. 2004) (defining "sentence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty[,]" and noting that "sentence" is "[a]lso termed *judgment of conviction*[]"). As a practical matter, courts routinely allow federal prisoners to challenge their conviction, in addition to their sentence, under § 2255(a). For that purpose, the word "sentence" in § 2255(a) is understood to encompass both the conviction and the sentence. More generally, we have noted that "nothing in the AEDPA indicates that Congress intended the 'second or successive' rules to operate differently with regard to state and federal prisoners." *Urinyi v. United States*, 607 F.3d 318, 321 (2d Cir. 2010). Accordingly, we conclude that the rule stated in *Magwood* applies to § 2255 motions.

We must also determine whether *Magwood* applies in a situation where, as here, a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion files a subsequent § 2255 motion challenging unamended portions of his underlying conviction and sentence. Because the petitioner in *Magwood* challenged only his sentence in the § 2254 petition he filed after his amended judgment, the Supreme Court explicitly declined to address the question of whether its reading of 28 U.S.C. § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." *Magwood*, 130 S. Ct. at 2802. Under *Magwood*, however, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* (internal quotation marks omitted). And the Supreme Court has previously stated that "[a] judgment of conviction includes both the adjudication of guilt and the sentence." *Deal v. United*

7

*States*, 508 U.S. 129, 132 (1993). It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.

Applying *Magwood*, Johnson's proposed § 2255 motion would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction.[6] A different result is not warranted by the fact that Johnson's claims could have been raised in his prior § 2255 motion or the fact that he effectively challenges an unamended component of the judgment. In light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment. *See Magwood*, 130 S. Ct. at 2797, 2802. To the extent that our decision in *Galtieri* is inconsistent with *Magwood*, it is no longer good law.

## Conclusion

For the foregoing reasons, Johnson's application for leave to file a successive § 2255 motion is **DENIED** as unnecessary and the matter is transferred to the district court with instructions that a new § 2255 motion be accepted for filing.

---

[6]The government agrees. As it stated in its letter brief dated September 22, 2010, "[i]n light of *Magwood*, Johnson's Third Petition should be treated as a first Section 2255 petition." Br. at 4.