United States v. Carter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                                          11-3867

Kevin G. Carter, AKA Black,

> *Defendant-Appellant*.[*]

_____

FOR APPELLANT:            Kevin G. Carter, *pro se*, Fairton, New Jersey.

FOR APPELLEES:            Geoffrey M. Stone and Robert M. Spector, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, Connecticut.

_____

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from an amended judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Appellant Kevin G. Carter, proceeding pro se, appeals from the district court's amended judgment, which was entered after the district court, on reconsideration, granted Carter's 28 U.S.C. § 2255 motion with respect to two improperly applied sentencing enhancements and resentenced him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to illuminate our decision.

In 2005, a jury convicted Carter of Hobbs Act robbery and two firearm charges. The presentence report classified Carter as a career offender under U.S.S.G. § 4B1.1 and as an armed career criminal under 18 U.S.C. § 924(e) based on several prior convictions; consequently, his Guidelines range was 360 months to life. Absent objection from defense counsel, the district court sentenced Carter to a total prison term of 30 years. Carter appealed his conviction, but not his sentence, and this Court affirmed. *United States v. Carter*, 173 F. App'x 79 (2d Cir. 2006) (summary order).

In 2007, Carter, proceeding pro se, moved under 28 U.S.C. § 2255 to challenge his conviction and sentence. The district court initially denied Carter's § 2255 motion, but after Carter filed additional papers raising a new argument, the court reconsidered its denial and on August 6, 2010, granted the motion as to a single claim: that Carter had received ineffective assistance of counsel when his attorney failed to object that Carter was in fact ineligible for the

2

career offender and armed career criminal sentencing enhancements. In all other respects, the motion was denied. *See Carter v. United States*, 731 F. Supp. 2d 262 (D. Conn. 2010). Carter did not appeal from the denial of his various attacks on his conviction. The court held a new sentencing hearing, and on September 19, 2011, the court entered an amended judgment sentencing Carter to a total prison term of 189 months. Carter now appeals from the amended judgment of conviction and resulting sentence, raising a variety of claims.

None of the claims Carter now makes were presented to the district court at any stage of the proceedings below. "It is a general rule . . . that a federal appellate court does not consider an issue not passed upon below." *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). Consequently, we decline to review these claims.

One claim requires further clarification. Carter argues to this Court that his original trial counsel was ineffective because, during pretrial plea negotiations, counsel incorrectly concluded that Carter would be sentenced as an armed career criminal and as a career offender, and that this failure prejudiced Carter because, if counsel had recognized that (as the district court later held) Carter did not qualify for either enhancement, he would have been able to extract a more advantageous plea offer from the government. The government argues that Carter already made this argument, unsuccessfully, in the district court in his § 2255 proceedings. But that is incorrect. Carter did claim below that he received ineffective assistance in connection with the plea negotiations, but his argument was essentially the opposite of what he now claims: Carter argued that counsel was ineffective for failing to advise him that he *would* qualify for the two sentencing enhancements, thus prejudicing Carter by leading him to decide to go to trial in

3

ignorance of the enhanced sentence he would face. Thus, it is clear that Carter did not raise this argument below and that it, like his other arguments on appeal, may not be presented here.[1]

Having considered Carter's arguments and having made our own independent review of the record, we identify no error in the district court's resentencing. For the foregoing reasons, the amended judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The government also argues that by raising this ineffective assistance claim now, Carter is effectively filing a "second or successive" § 2255 petition without having complied with the requirements of 28 U.S.C. § 2255(h). But as the government acknowledges, the case is here pursuant to 28 U.S.C. § 1291 as an appeal from the final amended judgment of the district court, so the requirements of 28 U.S.C. § 2255(h) are not applicable. Furthermore, even if we were to construe this appeal as a § 2255 petition – which it is not – it would not qualify as "second or successive," because it would necessarily challenge the new, amended judgment in the case following Carter's resentencing. *See Johnson v. United States*, 623 F.3d 41, 43-46 (2d Cir. 2010) (concluding that federal prisoner's "proposed § 2255 motion would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction"). We take no position with respect to any procedural or substantive issues that would arise if Carter files another § 2255 petition raising this claim, or any other attack on his underlying conviction.