20-1817
*United States v. Vasquez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of March, two thousand twenty-one.

Present:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                    20-1817

JOEL VASQUEZ,

    *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | NORMAN TRABULUS, Law Office of Norman Trabulus, Pine Plains, NY. |
| For Appellee: | KEITH D. EDELMAN (Amy Busa, *on the brief*) Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

In 1998, Defendant-Appellant Joel Vasquez was sentenced to 660 months' imprisonment on his convictions for numerous narcotics, robbery, and firearm offenses. Years after his sentencing, Amendment 782 of the United States Sentencing Guidelines reduced the base offense level for his narcotics convictions. On June 3, 2020, the District Court (Dearie, *J.*) granted Vasquez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782, and reduced the sentence on his narcotics convictions by 68 months, the maximum permitted under § 3582(c)(2) and U.S.S.G. § 1B1.10. Vasquez now appeals from the amended criminal judgment reflecting the reduced sentence. He argues that this Court should grant him relief for alleged errors in his overall sentence that are unrelated to Amendment 782, notwithstanding that he elected not to raise those issues before the District Court—because the District Court lacked the authority to entertain them. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our dismissal of the appeal.

On appeal, Vasquez does not challenge the District Court's grant of his motion for a reduction in light of Amendment 782. Rather, he raises two unrelated issues pertaining to his original sentence: (1) the District Court's treatment of the Guidelines as mandatory at his 1998 sentencing before they were rendered advisory in *United States v. Booker*, 543 U.S. 220 (2005); and (2) the District Court's refusal to consider, under *Dean v. United States*, 137 S. Ct. 1170

(2017), the severe effect of the consecutive mandatory minimum sentences of the firearm convictions under 18 U.S.C. § 924(c).

We must dismiss this appeal because it is not a proper vehicle for raising these two issues. Before the District Court was only a motion to reduce a sentence under § 3582(c)(2). Section 3582(c)(2) "narrow[ly]" authorizes courts to reduce the portion of a sentence impacted by a Guidelines amendment. *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). "[N]either the district court nor this Court is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), [a] defendant's arguments regarding procedural errors at his original, now-final sentencing" if those purported errors are unrelated to any Guidelines amendment. *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010); *see also id.* at 138 ("[R]egardless of whether there is merit to defendant's argument that the district court committed procedural error . . . at his original sentencing, neither the district court nor this Court is authorized to consider that contention in the context of a motion pursuant to 18 U.S.C. § 3582(c)(2)."). "Because the aspects of his sentence that [Vasquez] seeks to correct were not affected by the [Guidelines] amendment . . . they are outside the scope of the proceeding authorized by § 3582(c)(2) . . . ." *Dillon*, 560 U.S. at 831. *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), the sole case cited by Vasquez in support of his contrary position, is not persuasive. In *Johnson,* we addressed only the question of when a 28 U.S.C. § 2255 petition qualifies as second or successive, not the issue here of what sentencing errors may be raised in an appeal from an amended criminal judgment following a § 3582(c)(2) motion.

For the foregoing reasons, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3