23-101
Abu Mezer v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five.

PRESENT:
   DENNIS JACOBS,
   SUSAN L. CARNEY,
   MYRNA PÉREZ,
    *Circuit Judges.*

_____

GAZI IBRAHIM ABU MEZER, AKA AMIR,

    *Petitioner-Appellant*,

    v.            No. 23-101

UNITED STATES OF AMERICA,

    *Respondent-Appellee.*

_____

FOR PETITIONER-APPELLANT:     Michael O. Hueston, Attorney at Law, Brooklyn, NY.

FOR RESPONDENT-APPELLEE:     Dana Rehnquist (Alexander Mindlin, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **REMANDED**.

Gazi Ibrahim Abu Mezer was convicted in the late 1990s of three counts related to a thwarted scheme to detonate pipe bombs in public places around New York City. After his unsuccessful direct appeal and several unsuccessful collateral attacks, we granted Abu Mezer leave to file a successive habeas motion under 28 U.S.C. § 2255 based on changes in the law. That motion led the district court to vacate one of his three counts of conviction. *See United States v. Abu Mezer*, No. 97-CR-804, 2023 WL 451036, at *1 (E.D.N.Y. Jan. 9, 2023). In doing so, the district court declined to consider Abu Mezer's challenges to the other two counts, finding that they did not meet the requirements for a second or successive habeas motion under 28 U.S.C. § 2255(h). *Id.* at *1 n.1. The court entered an amended judgment excluding the vacated count and

leaving the others in place. We granted a certificate of appealability,[1] and Abu Mezer now appeals from that amended judgment.[2]

Looking to our decision in *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), Abu Mezer argues that his § 2255 motion was improperly considered "successive" under § 2255(h). In *Johnson*, we held that a § 2255 motion is not considered "second or successive" if "it is [the] first § 2255 motion challenging [an] *amended* judgment of conviction," even if the prisoner had previously filed a § 2255 motion challenging the *original* judgment. 623 F.3d at 46 (emphasis added). Applying the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), we reasoned that a motion is "second or successive" under § 2255(h) only when brought against the same judgment as a prior § 2255 motion. *Id.*

Here, Abu Mezer's motion challenged the *original* (not the amended) judgment, so *Johnson* does not apply, even though his motion precipitated the amendment. *Cf., e.g.*, *Gonzalez v. United States*, 792 F.3d 232, 235 (2d Cir. 2015) ("We have applied *Magwood* to hold that a § 2255 motion challenging an amended judgment of conviction of a federal trial court—entered *after a previous § 2255 motion was granted* and the prior judgment of conviction was vacated— did not constitute a successive § 2255 motion because the second § 2255 motion challenged a new judgment." (emphasis added)); *Davis v. United States*, No. 22-6168, 2022 WL 18145593, at *1

---

[1] The motions panel directed the parties to brief

> whether the district court properly applied the successive motion requirements of 28 U.S.C. §§ 2244(b) and 2255(h) to Appellant's claims related to his convictions under 18 U.S.C. § 2332a. Regarding that issue, the parties should address whether the principles discussed in *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), required a determination that the successive requirements no longer applied to Appellant's § 2332a-related claims.

Order, Dkt. 44 (June 28, 2023).

[2] The district court also declined Abu Mezer's request for de novo resentencing. Abu Mezer's appeal on that issue is pending in a separate docket. *See United States v. Abu Mezer*, No. 23-6099 (filed Jan. 26, 2023).

(2d Cir. Sept. 13, 2022) ("Petitioner's first two § 2255 motions, filed in 2008 and 2016"—the latter of which precipitated the amended judgment—"are not relevant to determining whether the present proposed § 2255 motion would be successive because they preceded the 2020 second amended judgment." (citing *Magwood*, 561 U.S. at 333, 341–42, and *Johnson*, 623 F.3d at 46)).

However, under *Johnson*, Abu Mezer is free to file a new § 2255 motion challenging the amended judgment. Even if that motion raises claims he brought or could have brought in previous motions, it will not be considered "[a] second or successive motion" under § 2255(h). *See Johnson*, 623 F.3d at 46 ("A different result is not warranted by the fact that Johnson's claims could have been raised in his prior § 2255 motion or the fact that he effectively challenges an unamended component of the judgment."). Because that avenue remains open to him, any error in the district court's refusal to consider those arguments in the previous proceeding was harmless. *See* 28 U.S.C. § 2111 (appellate review must not consider "errors or defects which do not affect the substantial rights of the parties"). Accordingly, we **AFFIRM IN PART**[3] the judgment of the district court and **REMAND** to allow Abu Mezer to file a new § 2255 motion challenging the amended judgment if he so chooses.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We affirm the judgment only as to the issues raised in this appeal. We express no view as to the issues presented in docket number 23-6099.