**UNITED STATES of America, Appellee,**

v.

**Derek SAPPE, Defendant–Appellant.**

**No. 427, Docket 89–1336.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 13, 1989.
Decided March 15, 1990.

Abraham L. Clott, New York City (The Legal Aid Society, Federal Defender Services Appeals Unit, New York City, of counsel), for defendant-appellant.

Elizabeth Glazer, Asst. U.S. Atty., S.D. N.Y., New York City (Benito Romano, U.S. Atty., S.D.N.Y., Vincent L. Briccetti, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before VAN GRAAFEILAND, PIERCE and MINER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Derek Sappe appeals from a judgment of the United States District Court for the Southern District of New York convicting him after a jury trial before Judge Walker of bank robbery, 18 U.S.C. § 2113(a), and armed bank robbery, 18 U.S.C. § 2113(d). We reverse the portion of the judgment convicting Sappe of bank robbery and remand to the district court with instructions to vacate that conviction and the sentence imposed thereon. We affirm the portion of the judgment convicting Sappe of armed bank robbery but remand to the district court for resentencing on that count.

On August 8, 1988 Sappe robbed the Marine Midland Bank at 437 Madison Avenue in Manhattan using a gun hidden in a folded newspaper. When Sappe demanded "twenties", the teller gave him bait money and an exploding dye pack camouflaged in a stack of currency. The dye pack exploded soon after Sappe left the bank. As Sappe ran away, a bank security guard retrieved the newspaper, a toy gun lying next to the newspaper, and a blue hat that fell from Sappe's head. Finger and palm prints on the newspaper were identified as Sappe's. The teller identified the gun as the one that the robber had used and the hat as the one he had worn.

Over defense objections, the Government also introduced evidence that, during a five week period in the summer of 1987, Sappe had robbed three banks and attempted to rob a fourth within a nine block area in midtown Manhattan. In each instance, Sappe had threatened a bank teller with a toy gun hidden inside a newspaper. The Government argued that Sappe's modus operandi was distinctive enough to be admissible as identity evidence under Fed.R.Evid. 404(b), and the district court admitted the evidence for that purpose. Sappe's first argument for reversal is that

the admission of this evidence constituted reversible error. We disagree.

Rule 404(b) provides that evidence of prior "crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, evidence of prior wrongs or acts may be admissible for other purposes, including proof of identity. "If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403." *Huddleston v. United States*, 485 U.S. 681, 688, 108 S.Ct. 1496, 1500, 99 L.Ed.2d 771 (1988). The evidence must be relevant under Rule 402, *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir.1986), and, pursuant to Rule 403, its probative value must outweigh the danger of unfair prejudice, *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989). The trial court's decision to admit such evidence will be reversed only for a clear abuse of discretion. *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir.1987).

To establish the distinctive nature of Sappe's modus operandi, the Government offered the testimony of Sergeant Thomas Delaney, the commanding officer of the New York City Police Department's Joint Bank Robbery Task Force. Delaney testified at an evidentiary hearing that he reviewed all armed bank robberies in New York City for the specific purpose of spotting patterns that might link various crimes. According to Delaney, Sappe had a distinctive method for robbing banks, *i.e.*, hiding a gun in a newspaper and placing the paper on the counter in such a way that the teller could see the gun. Delaney was not aware of anyone else using a similar modus operandi in the New York area during the period Sappe was active. Sappe cites a number of cases involving a gun hidden in a newspaper in an effort to show that his modus operandi was too common to constitute a signature. These cases, however, are up to 35 years old and are from jurisdictions other than New York. The only two that have occurred in the last decade are from Louisiana and Tennessee, and neither of these involved a bank rob-

bery. The district court did not err in admitting the evidence of the prior robberies.

■ The district court imposed concurrent terms of ten years imprisonment and five years supervised release on both the bank robbery and armed bank robbery counts plus a $50 assessment on each count. Sappe challenges the legality of his separate convictions for both bank robbery and armed bank robbery and also challenges the length of his sentence.

The Government concedes that the district court erred in imposing concurrent sentences and consents to a limited remand to "combine the sentences in the two counts." The Government bases this consent to the "combination" of sentences upon a number of recent cases in this court dealing with lesser included offenses in other areas of the law. *See, e.g., United States v. Moskowitz*, 883 F.2d 1142, 1151–52 (2d Cir.1989); *United States v. Aiello*, 771 F.2d 621, 632–35 (2d Cir.1985); *United States v. Osorio Estrada*, 751 F.2d 128, 134 (2d Cir.1984), *modified on reh'g on other grounds*, 757 F.2d 27, *cert. denied*, 474 U.S. 830, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985). In substance, the theory of these cases is that the conviction on a lesser included offense may be combined with the conviction on the compound offense and remain combined unless the conviction on the compound offense is reversed. In the latter event, the lesser included offense would become uncombined and would stand once again on its own.

None of the cases involving the concept of combination involves convictions and sentences under section 2113, which the Court in *Prince v. United States*, 352 U.S. 322, 325, 77 S.Ct. 403, 405, 1 L.Ed.2d 370 (1957), described as "a unique statute of limited purpose." The Supreme Court and this court have spoken too often and too emphatically on the subject of multiple convictions and sentences under section 2113 to permit us now to substitute a concept of combination for the well established concept of merger in section 2113 cases. In *Prince v. United States, supra*, the lead-

ing Supreme Court case, the Court held that violations of subdivisions (a), (b) and (d) of section 2113 did not constitute separate offenses but were simply variations of a single offense graded according to the existence and nature of aggravating circumstances. Accordingly, said the Court, the intent to steal, which is the heart of the crime, "merges into the completed crime if the robbery is consummated." *Id.* at 328, 77 S.Ct. at 406. Subsequent decisions of the Supreme Court have reiterated the doctrine of merger in section 2113 cases. *See United States v. Gaddis,* 424 U.S. 544, 547–48, 96 S.Ct. 1023, 1025–26, 47 L.Ed.2d 222 (1976); *Heflin v. United States,* 358 U.S. 415, 419, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959).

This court consistently has followed the same course, holding time and again that convictions under 2113(a) or (b) are merged into convictions under 2113(d). *See United States v. Archibald,* 734 F.2d 938, 944 n. 4 (2d Cir.1984); *United States v. Marrero,* 705 F.2d 652, 653 n. 1 (2d Cir.1983); *United States v. Spencer,* 684 F.2d 220, 224 (2d Cir.1982), *cert. denied,* 459 U.S. 1109, 103 S.Ct. 738, 74 L.Ed.2d 960 (1983); *United States v. Jenkins,* 665 F.2d 47, 48 (2d Cir. 1981); *United States v. Evans,* 665 F.2d 54, 55–56 (2d Cir.1981); *United States v. Smith,* 621 F.2d 483, 489 (2d Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981); *United States v. Garris,* 616 F.2d 626, 633–34 (2d Cir.), *cert. denied,* 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980); *Grimes v. United States,* 607 F.2d 6, 15 (2d Cir.1979); *United States v. Danzey,* 594 F.2d 905, 908 (2d Cir.), *cert. denied,* 441 U.S. 951, 99 S.Ct.

2179, 60 L.Ed.2d 1056 (1979); *United States v. Madonna,* 582 F.2d 704, 705 (2d Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 838, 59 L.Ed.2d 34 (1979); *United States v. Marshall,* 427 F.2d 434, 435 n. 2 (2d Cir.1970); *United States v. DiCanio,* 245 F.2d 713, 717 (2d Cir.), *cert. denied,* 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 78 (1957); *United States v. Nirenberg,* 242 F.2d 632, 634 (2d Cir.), *cert. denied,* 354 U.S. 941, 77 S.Ct. 1405, 1 L.Ed.2d 1539 (1957); *United States v. Tarricone,* 242 F.2d 555, 558 (2d Cir.1957). In view of this plethora of cases, which properly follow the lead of the Supreme Court, we feel bound to reverse that portion of the judgment convicting Sappe of bank robbery and remand to the district court with instructions to vacate that conviction and the sentence imposed thereon.[1]

■ Although we affirm Sappe's conviction on the armed robbery count, we remand that count to the district court for resentencing. The district court sentenced Sappe to ten years in prison on the armed robbery count although the Guidelines' sentencing range for the offense was 37 to 46 months. The Government urged the upward departure on the ground that the criminal history category assigned to Sappe (III) did not reflect adequately his past criminal conduct. The Government referred to Sappe's prior guilty plea to only three of the ten 1987 bank robberies which he actually had attempted or committed. Sappe received a probationary sentence for this guilty plea. The district court agreed that the Sentencing Guidelines accorded Sappe a criminal history category that un-

---

1. Where, as here, a Court of Appeals affirms a defendant's conviction under section 2113(d) at the same time it directs the district court to vacate the defendant's conviction under section 2113(a), the appellate court need have little concern over the possibility that a subsequent reversal of the subdivision (d) conviction will free the defendant despite his guilt under subdivision (a). Prior to such appellate adjudication on the subdivision (d) conviction, a district court cannot act with the same assurance in vacating the conviction under subdivision (a). That cannot be what Congress intended. A possible way of resolving the dilemma thus created might be for the district court to impose a consecutive sentence on the subdivision (a) count or concurrent

sentences under both counts and delay the taking effect of a merger until the defendant's guilt under subdivision (d) has been determined conclusively. This, it would seem, might be accomplished by incorporating, either in the judgment itself or in a concurrently issued order, a provision to the effect that, if the time to appeal the subdivision (d) conviction expires or if the subdivision (d) conviction is affirmed on appeal, the judgment under subdivision (a) will be merged automatically with the judgment under subdivision (d) and the sentence under subdivision (a) vacated. Although no collateral prejudice to the defendant would result from such a procedure, we know of no case to date in which it has been followed.

der-represented his conduct. The court noted that, although Sappe had admitted to nine robberies and one attempt and had been convicted for three robberies, Sappe's criminal history category was the same as if he had committed and received a prison sentence for only one robbery. The district court also emphasized the fact that Sappe violated the trust of the first sentencing court, not merely by committing an infraction of his probation, but also by committing a very serious crime in which he was developing a specialty. Accordingly, the court made an upward departure.

The Guidelines recognize that an upward departure may be warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history. *See* Sentencing Guidelines § 4A1.3 and the Policy Statement thereunder. The district court explained why it made an upward departure, and we are not prepared to say that it imposed an unreasonable sentence. *See United States v. Correa–Vargas*, 860 F.2d 35, 36–37 (2d Cir.1988) (ultimate question for circuit court reviewing upward departure by district court is whether the sentence imposed is unreasonable); 18 U.S.C. § 2113(d) (allowing sentence of up to 25 years for armed bank robbery). However, the district court failed to follow the departure procedure prescribed by the Guidelines.

Under section 4A1.3, a judge contemplating an upward departure because of an under-representative criminal history category must refer to a Guideline range for a defendant having a more approximate criminal history category. As we noted in *United States v. Cervantes*, 878 F.2d 50 (2d Cir.1989), section 4A1.3 "require[s] a judge to 1) determine which category best encompasses the defendant's prior history, and 2) use the corresponding sentencing range for that category 'to guide its departure.'" *Id.* at 53 (quoting § 4A1.3). In addition, the sentencing court must "specify its reasons for utilizing a particular criminal history category." *Id.* at 54.

The district court did not consider specific criminal history categories higher than Sappe's and apparently did not use a particular category as a guide for determining Sappe's sentence. The court discussed the possible applicability of category VI but did not explain why the range corresponding to this category (63 to 78 months) was insufficient. "[W]hile § 4A1.3 expressly states that a judge may impose a sentence beyond the highest possible guideline range, before doing so, the court must consider Category VI." *United States v. Cervantes, supra,* 878 F.2d at 54. The district court did discuss briefly what sentence Sappe might have received as a career offender under section 4B1.1, *i.e.*, 263–327 months, but acknowledged that the section did not apply. Moreover, if the district court used section 4B1.1 as a guide, it did not explain how it arrived at a sentence of 120 months. In short, because the district court failed to follow the steps outlined in the Sentencing Guidelines, Sappe must be resentenced.

We affirm Sappe's conviction for armed bank robbery, 18 U.S.C. § 2113(d), but remand for resentencing on that count. We reverse Sappe's conviction on the bank robbery count, 18 U.S.C. § 2113(a), and direct that the conviction and sentence on that count be vacated.