Leonard C. **JOHNSON**, Petitioner–Appellant,

v.

**UNITED STATES of America**, Respondent–Appellee.

No. 06–5090–pr.

United States Court of Appeals, Second Circuit.

Sept. 22, 2008.

Brian Sheppard, New Hyde Park, NY, for Petitioner–Appellant.

Jonathan S. Kolodner, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, on the brief, Celeste L. Koeleveld, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent–Appellee.

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Leonard C. Johnson appeals from an order of the District Court entered on August 15, 2006, adopting the June 13, 2006 Report and Recommendation of Magistrate Judge Frank Maas, denying Johnson's pro se motion to vacate, set aside, or correct his sentence,

pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the facts and procedural history of the case.

On November 15, 1999, Johnson was charged with three counts, all stemming from the same incident: (1) bank robbery, in violation of 18 U.S.C. § 2113(a); (2) armed bank robbery, in violation of 18 U.S.C. § 2113(d); and (3) using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On April 5, 2000, a jury found Johnson guilty on all three counts. On September 28, 2000, the District Court sentenced Johnson to 240 months' imprisonment on Count One and 274 months' imprisonment on Count Two, to run concurrently. The District Court also sentenced him to 300 months' imprisonment on Count Three, to run consecutively to all other terms, special assessments of $300, restitution in the amount of $4,100, and five years' supervised release. Johnson appealed, and on November 28, 2001, we affirmed the judgment of the District Court by summary order. *See United States v. Johnson,* 24 Fed.Appx. 70 (2d Cir.2001).

On December 27, 2002, Johnson filed a pro se motion pursuant to 28 U.S.C. § 2255, raising several claims. The District Court referred the petition to Magistrate Judge Mass, who issued a Report and Recommendation on June 1, 2006, recommending the denial of Johnson's motion. On or about June 23, 2006, Johnson submitted objections to the Report and Recommendation, asserting for the first time that his conviction for both armed bank robbery (Count One) and bank robbery (Count Two) violated the double jeopardy clause. In an August 14, 2006 order, the District Court adopted the magistrate's Report and Recommendation in its entirety, and rejected Johnson's double jeopardy claims on the merits, without reaching the issue of whether those claims were procedurally proper. The District Court then dismissed Johnson's petition with prejudice, and declined to issue a certificate of appealability.

On April 11, 2007, Johnson moved in this Court for a certificate of appealability, and on April 16, 2007, we granted the motion with respect to: "(1) whether Appellant's double jeopardy claim was waived when it was not raised on direct appeal and was first raised in the district court in Appellant's objections to the magistrate judge's report and recommendation; and (2) whether Appellant's two separate convictions and concurrent sentences entered by the district court for violating 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d), were erroneous" in light of our decision in *United States v. Sappe,* 898 F.2d 878 (2d Cir. 1990).

The government conceded at oral argument that it was erroneous for the District Court to enter two separate convictions and concurrent sentences for Johnson's violations of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d). *See Sappe,* 898 F.2d at 880–81. The two sentences at issue here are to run concurrently, and therefore, the remedy for the District Court's failure to merge the two counts will not change the aggregate sentence. Thus, we will not require a remand and instead will modify the judgment to vacate the conviction under 18 U.S.C. § 2113(a). *See United States v. McLeod,* 251 F.3d 78, 84 (2d Cir.2001) (citing 28 U.S.C. § 2106).

Upon a review of the record and the arguments of counsel, we reject Johnson's remaining arguments as lacking in merit.

For the reasons stated above, the judgment is MODIFIED to vacate defendant's conviction and sentence on Count One under 18 U.S.C. § 2113(a), and to vacate the $100 special assessment imposed on that

Count. As modified, the judgment is AFFIRMED.