12-3372-cr
United States v. Ortiz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of October, two thousand thirteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

————————————————————————————————

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                          12-3372-cr

MIGUEL ORTIZ,

                     *Defendant-Appellant*.

————————————————————————————————

Appearing for Appellant:     Peter Tomao, Garden City, N.Y.

Appearing for Appellee:      Elisha J. Kobre, Assistant United States Attorney for the Southern District of New York (Preet Bharara, United States Attorney, Jennifer G. Rodgers, Assistant United States Attorney, *on the brief*) New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Miguel Ortiz appeals from a judgment of conviction entered on August 13, 2012 in the United States District Court for the Southern District of New York (Cote, J.) for one count of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Ortiz argues the district court abused its discretion in admitting evidence of a car stop in 2009, where it was discovered he was transporting roughly $100,000 concealed in a suitcase. Our Court "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004). On review, our Court "considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Id.* "We have, however, emphasized that this inclusionary rule is not a carte blanche to admit prejudicial extrinsic act evidence when . . . it is offered to prove propensity." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012).

The district court did not abuse its discretion in admitting evidence of the 2009 stop. Testimony regarding the stop was probative of Ortiz's knowledge and intent, specifically that (1) Ortiz had likely worked in the drug business on a number of occasions; (2) when he worked in the drug business, his role was as a delivery person; (3) he previously used a vehicle registered to his co-conspirator while working in the drug business; and (4) he previously transported concealed goods; the evidence also established that Ortiz had likely been aware of his role in the drug trade. *See, e.g.*, *Dowling v. United States*, 493 U.S. 342, 353 (1990) (ruling that evidence of defendant's prior robbery of a home was "circumstantially valuable" in proving he robbed a bank where on both occasions he wore a ski mask and carried a small pistol); *United States v. Sappe*, 898 F.2d 878, 880 (2d Cir. 1990) (affirming admission of evidence of prior bank robberies where, as in the charged crime, defendant hid a gun in a newspaper and positioned it on the counter so that the teller could see the gun). While a fuller explanation of the district court's balancing of the probative value of the evidence vis-a-vis the prejudicial value would have been helpful, the issue was addressed. Also, the district court properly gave a limiting instruction shortly after the testimony was admitted. *See Dowling*, 493 U.S. at 353.

Similarly, we find no abuse of discretion with the admission of voice identification evidence as lay opinion from a certified Spanish-English interpreter. Lay testimony does not cross the line into expert opinion testimony when the testimony "result[ed] from a process of reasoning familiar in everyday life." *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007). As our Court explained in *Rigas*:

> A witness's specialized knowledge, or the fact that [she] was chosen to carry out an investigation because of this knowledge, does not render [her] testimony 'expert' as long as it was based on [her] investigation and reflected [her] investigatory findings and

2

conclusions, and was not rooted exclusively in [her] expertise. If, however, the witness's testimony was not a product of [her] investigation, but rather reflected [her] specialized knowledge, then it was impermissible expert testimony. In particular, Rule 701(c), which prohibits testimony from a lay witness that is based on scientific, technical, or other specialized knowledge, is intended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.

*Id.* (internal quotation marks and citation omitted). At the end of the day, while the witness may have brought a more trained ear to the process, her testimony was based on her own investigation and perceptions, not on her specialized knowledge.

We have examined the remainder of Oritz's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3