19-1660-cr
United States v. Palaniappan

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
              RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*,
              RICHARD K. EATON,*
                 *Judge*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

     v.                                  No. 19-1660-cr

NARAY PALANIAPPAN,

      *Defendant-Appellant*.

-----------------------------------------------------------------

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLANT: ADAM ELEWA (Zachary Margulis-Ohnuma, *on the brief*), The Law Office of Zachary Margulis-Ohnuma, New York, NY.

FOR APPELLEE: DAVID GOPSTEIN, Assistant United States Attorney (Samuel P. Nitze, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Naray Palaniappan appeals from a judgment of the District Court (Block, J.) convicting him, after a guilty plea, of receipt of child pornography in violation of 18 U.S.C. § 2252(a) and sentencing him principally to a term of sixty months' imprisonment. On appeal, Palaniappan argues that the District Court erred in denying his motion to suppress evidence that the Government obtained from his home computer in Queens, New York. We assume the parties' familiarity with

the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2015, as part of its investigation into the child pornography website Playpen, the Federal Bureau of Investigation obtained a warrant authorizing it to install a tracking software known as the Network Investigative Technique on all computers that accessed the site (NIT Warrant). One such computer belonged to Palaniappan and was tracked from February 20, 2015 to March 1, 2015. Palaniappan was arrested on September 1, 2015.

After his arrest, Palaniappan moved to have all evidence that resulted from the NIT Warrant suppressed, arguing that the Warrant violated the Fourth Amendment, the Federal Magistrates Act, and the then-existing version of Rule 41 of the Federal Rules of Criminal Procedure. The District Court denied Palaniappan's motion, reasoning that evidence obtained from an unlawful warrant may not be suppressed when, as the District Court concluded had occurred here, the Government procured and relied upon the warrant in good faith. See United States v. Leon, 468 U.S. 897, 922–25 (1984). Palaniappan contends that this was error.

As Palaniappan recognizes, his appeal is governed largely by United States v. Eldred, where we affirmed a district court's denial of a motion to suppress evidence that was gathered under the same NIT Warrant at issue in this case. See 933 F.3d 110 (2d Cir. 2019). Palaniappan concedes that Eldred specifically rejected two of the arguments that he presses on appeal, namely, that the Government: (1) procured the NIT Warrant in bad faith; and (2) could not have relied on the NIT Warrant in good faith because the Warrant did not authorize a search in New York. See id. at 118–121. Palaniappan accordingly asks us to conclude that Eldred was "wrongly decided." Appellant's Br. 16. But "a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." Johnson v. United States, 779 F.3d 125, 128 (2d Cir. 2015) (quotation marks omitted).

Palaniappan's remaining argument on appeal is that the officers who searched his computer "could not have relied on the [NIT Warrant] in good faith because it did not particularly describe the place to be searched." Appellant's Br. 23 (quotation marks omitted). But the remedy of suppression is available only when the warrant is "so facially deficient" that an officer could not

4

"reasonably presume it to be valid." Leon, 468 U.S. at 923. Here, the NIT Warrant contained "no obvious deficiency," and in fact specified "the place to be searched as all activating computers, defined in relevant part as any user . . . who log[ged] into Playpen." Eldred, 933 F.3d at 119 (quotation marks omitted). We therefore reject Palaniappan's argument that the NIT Warrant was insufficiently particularized as to preclude the officers who relied upon it from reasonably presuming its validity.

We have considered Palaniappan's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5