21-966-pr
Wright v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

MICHAEL WRIGHT,

*Petitioner-Appellant*,

v.                                                          No. 21-966-pr

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

-----------------------------------------------------------------

FOR PETITIONER-APPELLANT: MATTHEW B. LARSEN, Assistant Federal Defender, Federal Defenders of New York, New York, NY

FOR RESPONDENT-APPELLEE: JARROD L. SCHAEFFER, Assistant United States Attorney (Emily A. Johnson, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Michael Wright appeals from a February 18, 2021 order of the United States District Court for the Southern District of New York (Wood, J.) denying his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Wright was indicted on three counts: (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; (2) Hobbs Act robbery of a jewelry story in violation of 18 U.S.C. §§ 1951 and 2; and (3) brandishing a firearm "in furtherance of" "the

2

robbery offense charged in Count Two," in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.   This appeal arises from a mismatch between Count Three as charged in the Indictment and Count Three as described in Wright's plea agreement.   In the Indictment, Count Three is predicated on the substantive Hobbs Act robbery offense charged in Count Two.   In Wright's plea agreement, by contrast, Count Three is predicated on the <u>conspiracy</u> to commit Hobbs Act robbery charged in Count One.   Wright eventually challenged his conviction under § 2255, arguing that the conviction should be vacated because he pled guilty to brandishing a gun in furtherance of a Hobbs Act robbery conspiracy, a crime that is no longer a valid predicate for a § 924(c) conviction following <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019).   The District Court denied Wright's motion, holding that his § 924(c) conviction was predicated on substantive Hobbs Act robbery rather than Hobbs Act robbery conspiracy, and was thus unaffected by <u>Davis</u>.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.    <u>Factual Background</u>

On April 5, 2012, Wright and three accomplices robbed a jewelry store and

3

brandished a gun during the robbery. Their car crashed during the getaway, and they fled on foot, leaving the jewelry behind in the car. Wright pled guilty "to Counts One and Three" pursuant to the plea agreement, which described the § 924(c) predicate as "the robbery conspiracy charged in Count One of the Indictment." Wright was then sentenced principally to a term of 84 months' imprisonment on the § 924(c) count and one day on the Hobbs Act robbery conspiracy count. Wright never challenged his conviction or sentence on direct appeal. Instead, years later, he filed this § 2255 motion, ultimately arguing that his § 924(c) is predicated on Hobbs Act conspiracy and thus invalidated by Davis. Because Wright failed to raise his claim on direct appeal, we consider whether and to what extent to review the District Court's denial of his motion.[1]

II.    Discussion

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually

---

[1] We granted Wright's motion for a certificate of appealability on the following issue: "Whether Appellant's conviction for brandishing a firearm under 18 U.S.C. § 924(c) remains valid because it was predicated on Hobbs Act robbery, as stated in the indictment, or whether it must be vacated because it was predicated on conspiracy to commit Hobbs Act robbery, as stated in the plea agreement." App'x 72.

innocent." Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (quotation marks omitted). Wright asks us to review his defaulted claim of error because he has demonstrated cause for the default and actual prejudice as a result of the alleged error. We conclude that he has failed to show actual prejudice.[2]

We start with Wright's claim of prejudicial error relating to his guilty plea. To establish actual prejudice in the context of a guilty plea, a defendant must show that "the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." Zhang v. United States, 506 F.3d 162, 168 (2d Cir. 2007) (quotation marks omitted). Wright contends that he "would not have pleaded guilty" to Count Three predicated on substantive Hobbs Act robbery because "no robbery occurred." Appellant's Br. 17. He argues that the perpetrators did not "acquire[]" the property (here, the jewelry) because they abandoned it "in the course of their flight," when their getaway car crashed. Appellant's Br. 3, 17. Accordingly, Wright asserts, he participated only in an attempted Hobbs Act robbery because

---

[2] We agree with the District Court that the Government's conduct in presenting Wright with a plea agreement that incorrectly described the predicate for the § 924(c) count "can—and should—be avoided." Wright v. United States, No. 12-CR-442, 2021 WL 633102, at *4 (S.D.N.Y. Feb. 18, 2021).

the robbery was not "completed." We disagree.

Hobbs Act robbery requires only "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force." 18 U.S.C. § 1951(b)(1). At his plea hearing, Wright admitted that a weapon was brandished "in connection with the taking of property, jewelry, from a store." App'x 38. And his Presentence Report confirmed that Wright only abandoned the stolen jewelry when the getaway car crashed, which was after Wright and others carried the jewelry out of the store. The record thus supports Wright's "unlawful taking or obtaining" of the jewelry -- acts which surpass attempt and amount to participation in Hobbs Act robbery. We see no reasonable probability that Wright would have refrained from pleading guilty to the § 924(c) count predicated on Hobbs Act robbery.

Finally, Wright maintains that the Indictment was constructively amended in connection with his guilty plea. Assuming without deciding that Wright is correct about the Indictment, we conclude that he nevertheless cannot establish that he suffered any prejudice as a result of the amendment. As noted, the record supports a § 924(c) conviction predicated on Hobbs Act robbery, and

6

Wright has failed to show that the amendment "worked to his <u>actual</u> and substantial disadvantage," and infected the proceedings "with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982); <u>see also</u> <u>United States v. Dussard</u>, 967 F.3d 149, 157–58 (2d Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2633 (2021) (finding no prejudice, even where defendant did not plead guilty to the predicate offense, because there was "ample" evidence "for a conviction under § 924(c)(1)(A)(i) on the basis of" a valid predicate); <u>Johnson v.</u> <u>United States</u>, 779 F.3d 125, 129 (2d Cir. 2015) ("§ 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed.").

We have considered Wright's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court