*McCarron v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-three.

PRESENT:
>AMALYA L. KEARSE,
>BARRINGTON D. PARKER,
>RICHARD J. SULLIVAN,
>>*Circuit Judges*.

_____

FRANK MCCARRON,

>*Petitioner-Appellant*,

v.                                                                    No. 20-1726

UNITED STATES OF AMERICA,

>*Respondent-Appellee*.

_____

**For Petitioner-Appellant:**      Anthony M. La Pinta, Hauppauge, NY.

**For Respondent-Appellee:**      David C. James, Charles N. Rose, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Frank McCarron appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Pursuant to a plea agreement, McCarron pleaded guilty to three counts of a sixteen-count indictment: (1) conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i) (Count One); (2) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Thirteen); and (3) brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Sixteen). Count Sixteen was predicated on the Hobbs Act conspiracy charged in Count Thirteen, as well as the substantive bank robbery charged in

2

Count Fifteen, to which McCarron did not plead guilty. Count Fifteen of the indictment charged that "[o]n or about December 20, 2013," McCarron "knowingly and intentionally [took] by force, violence[,] and intimidation" money in the care of "the Astoria Federal Savings Bank in Farmingville, New York," in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. McCarron App'x at 20.

Following McCarron's guilty plea, the district court sentenced him to a sixty-month term of imprisonment on Count One, a seventy-two-month term of imprisonment on Count Thirteen, and an eighty-four-month term of imprisonment on Count Sixteen, each to run consecutively. Under the plea agreement, McCarron "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence." *Id.* at 32. Consequently, McCarron did not bring a direct appeal from his conviction or sentence.

Approximately nine months after sentencing, McCarron filed a motion under section 2255 to vacate, set aside, or correct his sentence as to Count Sixteen. Specifically, McCarron argued that Hobbs Act conspiracy – one of the two predicate offenses underlying his section 924(c) conviction – no longer qualified as a "crime of violence" under the Supreme Court's decision in *United States v. Davis*,

3

139 S. Ct. 2319 (2019), and this Court's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). The district court denied McCarron's motion, concluding that although McCarron's "appellate waiver" in the plea agreement was "not enforceable," McCarron had nonetheless procedurally defaulted his claim by failing to bring a direct appeal challenging the constitutionality of his section 924(c) conviction. McCarron App'x at 123.

On appeal from the denial of a section 2255 motion, we review the district court's "factual findings for clear error and [conclusions] of law *de novo.*" *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (internal quotation marks omitted). We are free, however, to affirm the district court's decision on a section 2255 motion "on any ground for which there is support in the record, regardless of the ground on which that court relied." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (citing *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)). Here, we affirm the district court's decision because McCarron's conviction under Count Sixteen was also predicated on the bank robbery charged in Count Fifteen, which remains a valid crime of violence under section 924(c). *See United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (holding that bank robbery "'by force and violence, or by intimidation' categorically constitutes a 'crime of violence'"

4

(first quoting 18 U.S.C. § 2113(a); then quoting *id.* § 924(c)(3))). As such, we decline to reach whether the appellate waiver in McCarron's plea agreement was enforceable, or whether McCarron procedurally defaulted his claim by failing to challenge his section 924(c) conviction on direct appeal.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's decision in *Davis*, an offense can qualify as a predicate "crime of violence" for purposes of section 924(c) only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(3)(A)). Because the elements of a Hobbs Act conspiracy do not include the use, attempted use, or threatened use of physical force, we held in *Barrett* that "*Davis* precludes" a conclusion "that [a] Hobbs Act robbery conspiracy . . . qualifies as a [section] 924(c) crime of violence." *Barrett*, 937 F.3d at 127. Therefore, as the government conceded in this case, *Davis* and *Barrett* compel the conclusion that McCarron's Count Thirteen conviction for Hobbs Act conspiracy can no longer qualify as a valid predicate for his Count Sixteen conviction under section 924(c).

5

Nevertheless, "[e]very . . . court [of appeals] to have considered the issue has concluded that [section] 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015) (collecting cases). "We join[ed] that consensus" in *Johnson* because "[t]he plain language of [section] 924(c) requires only that the predicate crime of violence . . . have been committed," and not "that the defendant must [have been] separately charged with that predicate crime and [been] convicted of it." *Id.* at 129–30. In *Johnson*, the defendant was convicted of bank robbery, armed bank robbery, and a section 924(c) offense predicated on the bank robbery. After his bank-robbery conviction was vacated, we affirmed the denial of the defendant's section 2255 challenge to his section 924(c) conviction because "there was legally sufficient proof that Johnson committed bank robbery." *Id.* at 130.

We have continued to apply *Johnson*'s reasoning after *Davis*.[1] For instance, in *United States v. Dussard*, the defendant was charged with Hobbs Act conspiracy,

---

[1] *See, e.g.*, *Wright v. United States*, No. 21-966, 2022 WL 15562091, at *2 (2d Cir. Oct. 28, 2022); *United States v. Kilpatrick*, No. 15-3012, 2021 WL 3354737, at *3 (2d Cir. Aug. 3, 2021); *United States v. Gomez*, 849 F. App'x 11, 12 (2d Cir. 2021); *United States v. Bonner*, 826 F. App'x 52, 56 (2d Cir. 2020); *United States v. Smith*, 813 F. App'x 662, 665 (2d Cir. 2020).

6

narcotics conspiracy, and a section 924(c) offense predicated on both conspiracy counts. *See* 967 F.3d 149, 151–55 (2d Cir. 2020). The defendant pleaded guilty to the Hobbs Act conspiracy and the section 924(c) offense, but not to the narcotics conspiracy. *See id* at 152. Citing *Johnson*, we affirmed the defendant's section 924(c) conviction on direct appeal. *See id.* at 157 (citing *Johnson*, 779 F.3d at 129–30). While we agreed with the defendant that his section 924(c) "conviction . . . on the basis of firearm possession during and in relation to a Hobbs Act conspiracy [was] error," *id.* at 156, we nevertheless concluded that the narcotics conspiracy – which the indictment charged as a predicate crime of violence but the defendant did not plead guilty to – "provided an ample predicate" for his section 924(c) conviction. *Id.* at 157. Among other things, we relied on the defendant's plea allocution that he had conspired to steal drugs from drug dealers and his failure to object to his presentence investigation report's ("PSR") description of that conduct as "legally sufficient proof" to sustain his section 924(c) conviction. *Id*.

In light of *Johnson* and *Dussard*, we conclude there was "legally sufficient proof" that McCarron "committed" the bank robbery charged in Count Fifteen – an alternative and independent predicate crime of violence under section 924(c).

*Johnson*, 779 F.3d at 129; *see also Dussard*, 967 F.3d at 157. As discussed above, Count Sixteen charged McCarron with brandishing firearms "during and in relation to" the crimes of violence "charged in Counts Thirteen and Fifteen." McCarron App'x at 21. Count Fifteen, in turn, charged McCarron with the "December 20, 2013" robbery of "the Astoria Federal Savings Bank in Farmingville, New York." *Id.* at 20.

During the plea allocution, McCarron admitted that he participated "in bank robberies by driving the get[]away car" between "July 24, 2013[] and January 1, 2014" in "Suffolk County and Nassau County." *Id.* at 55–56. During the change-of-plea proceeding, the government proffered that if the case went to trial, the government would introduce testimony from McCarron's coconspirators concerning McCarron's "involvement . . . in a number of the robberies." *Id.* at 57. In his sentencing memorandum, McCarron also specifically admitted that he served as the driver of the getaway car in the December 20, 2013 robbery of Astoria Federal Savings Bank in Farmingville, New York.[2] The PSR likewise stated that McCarron personally participated in the robbery of Astoria Federal Savings Bank,

---

[2] Some portions of the record were filed under seal; they are hereby deemed unsealed to the extent that their contents are described in this order.

and McCarron did not object to that portion of the PSR at sentencing. *See* Gov't App'x at 14. Assessing the record as a whole, we conclude that "there was legally sufficient proof that [McCarron] committed" the bank robbery charged under Count Fifteen. *Johnson*, 779 F.3d at 130; *see also Dussard*, 967 F.3d at 157 (concluding that the defendant's allocution to his participation in a narcotics conspiracy and his failure to object to the PSR's descriptions of his participation "provided an ample predicate for a conviction under [section] 924(c)(1)(A)(i)").

The law of this Circuit is clear that bank robbery has as one of its elements the use, attempted use, or threatened use of physical force, meaning that it is categorically a crime of violence. *See Hendricks*, 921 F.3d at 327. We therefore affirm the district court's denial of McCarron's motion because McCarron's Count Sixteen conviction was predicated on a valid crime of violence under section 924(c).

We have considered McCarron's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9