17-2206-cr
United States v. Nikolla

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2019

(Argued: January 28, 2020          Decided: February 19, 2020)

Docket No. 17-2206

———————————————

United States of America,

*Appellee,*

v.

Denis Nikolla, also known as Deni, also known as Nache,

*Defendant-Appellant,*

Besnik Llakatura, also known as Besi, also known as Nick, Redinel Dervishaj, also known as Redi, also known as Red,

*Defendants.*[1]

———————————————

Before:

PIERRE N. LEVAL, JOSÉ A. CABRANES, ROBERT D. SACK, *Circuit Judges.*

Defendant Denis Nikolla appeals from a judgment of conviction in the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*) upon Defendant's plea of guilty to, *inter alia,* one count of threatening physical violence in furtherance of an extortion plan in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm during and in

---

[1] The Clerk is directed to modify the caption as shown above.

relation to, or in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The sole issue on appeal is whether the offense of threatening physical violence in furtherance of an extortion plan under 18 U.S.C. § 1951(a) qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). We hold that it does, and AFFIRM the conviction.

DANIEL S. NOOTER, Washington, D.C., *for Defendant-Appellant*.

NADIA I. SHIHATA, Assistant United States Attorney (Samuel P. Nitze and Patrick T. Hein, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., *for Appellee*.

LEVAL, Circuit Judge:

Defendant-Appellant Denis Nikolla ("Nikolla") appeals from a July 13, 2017 judgment of conviction in the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *J.*) upon his plea of guilty to two counts of Hobbs Act extortion conspiracy in violation of 18 U.S.C. § 1951(a), one count of threatening physical violence in furtherance of an extortion plan in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm during and in relation to, or in furtherance of, a "crime of violence" under 18 U.S.C. § 924(c)(1)(A)(ii). Nikolla was sentenced principally to 216 months imprisonment. On appeal, Nikolla challenges his conviction under

§ 924(c)(1)(A)(ii) on the grounds that the predicate offense, threatening physical violence in furtherance of an extortion plan under 18 U.S.C. § 1951(a), is not a "crime of violence" as defined in § 924(c)(3). For the reasons below, we hold that this offense under 18 U.S.C. § 1951(a) qualifies categorically as a "crime of violence" under the Elements Clause of § 924(c)(3), and affirm the judgment of conviction.

## A. BACKGROUND

On July 17, 2014, a grand jury in the Eastern District of New York returned a second superseding indictment charging Nikolla and two co-defendants, Besnik Llakatura and Redinel Dervishaj ("Dervishaj"), with three counts of Hobbs Act extortion conspiracy, in violation of 18 U.S.C. § 1951(a); three counts of attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a); and three counts of using or carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (ii),[2] all in

---

[2] The indictment charged Nikolla with, and Nikolla pled guilty to, the enhanced offense of "brandish[ing]" the firearm under 18 U.S.C. § 924(c)(1)(A)(ii), App'x at 38–39, 82–83, 106–07, which increases the mandatory penalty from five years to seven years of imprisonment.

connection with the defendants' efforts to extort the proprietors of restaurants and other businesses in and around Astoria, Queens in 2012 and 2013. On January 27, 2016, Dervishaj moved to dismiss the § 924(c) charges on the grounds that none of the Hobbs Act offenses qualified as "crimes of violence" as required by § 924(c). Nikolla joined the motion.

On February 24, 2016, while these motions were pending, the government filed a third superseding indictment which, along with the charges contained in the second superseding indictment, charged Nikolla and Dervishaj with three new counts of "knowingly and intentionally threaten[ing] physical violence . . . in furtherance of a plan [of Hobbs Act extortion]," in violation of 18 U.S.C. § 1951(a), on the basis of Nikolla and Dervishaj's "plan and purpose to obtain proceeds from [several establishments] located in Queens, New York, from [the victims], with [the victims'] consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear of physical injury." App'x at 35–36, 38, 40. The third superseding indictment also modified the previously alleged charges of violation of § 924(c), so that they incorporated as predicate crimes

4

of violence the newly-charged offenses under § 1951(a) of threatened physical violence.

On March 3, 2016, the district court heard oral argument on defendants' joint motion to dismiss the § 924(c) charges. During that hearing, counsel for Dervishaj conceded that the newly-charged Hobbs Act counts in the third superseding indictment, charging Dervishaj and Nikolla with threatening or committing physical violence in furtherance of a plan of extortion in violation of 18 U.S.C. § 1951(a), were "valid predicate[]" crimes of violence as defined in § 924(c)(3)'s so-called "Elements Clause," and declined to extend the motion to dismiss to those counts. Gov't App'x at 4.[3] Counsel for Nikolla then agreed that the new counts qualified as "crimes of violence" under the Elements Clause of § 924(c). *Id.* at 5. On March 23, 2016, Nikolla pleaded guilty, pursuant to a plea agreement, to two counts of conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. § 1951(a), one new count of threatening physical violence in furtherance of an extortion plan in violation

---

[3] Dervishaj was convicted of the § 924(c) offense after a jury trial, but subsequently appealed that conviction raising the same argument as here advanced by Nikolla. This court affirmed his § 924(c) conviction in a summary order. *United States v. Dervishaj*, 787 F. App'x 12 (2d Cir. 2019).

of 18 U.S.C. § 1951(a), and one count that charged him under § 924(c)(1)(A)(ii) with brandishing a firearm during and in relation to, or in furtherance of, a "crime of violence."

On appeal, Nikolla asks this court to overturn his § 924(c) conviction because the predicate offense for that conviction — Hobbs Act threat of violence in furtherance of extortion under 18 U.S.C. § 1951(a) — does not qualify as a "crime of violence" under the Elements Clause of § 924(c). Because Nikolla conceded in the district court that this offense constituted a "crime of violence" under § 924(c), we review his challenge on appeal for plain error. *United States v. Hendricks*, 921 F.3d 320, 326 (2d Cir. 2019) ("[Where] a defendant challenges his or her sentence on a basis not raised before the District Court, we review for plain error.").

## B. DISCUSSION

Section 924(c) requires a mandatory consecutive sentence of five years imprisonment for the use or carrying of a firearm during and in relation to a "crime of violence" or the possession of a firearm in furtherance of a "crime of violence," and imposes an enhanced penalty of seven years imprisonment (rather than five) "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A).

Section 924(c) defines "crime of violence" as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A) (the "Elements Clause").[4] To determine whether an offense is a crime of violence under the Elements Clause of § 924(c)(3), we employ the "categorical approach," which requires us to consider whether the elements of the offense can be satisfied by conduct that would fall outside the definition of a "crime of violence" provided by § 924(c)(3)(A), looking to the statutory definitions of the offense, and not to the particular underlying facts. *See United States v. Hill*, 890 F.3d 51, 55–56 (2d Cir. 2018) (citations omitted). To disqualify a particular offense from § 924(c)'s definition of "crime[s] of violence," a defendant must show "a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence" by establishing that "courts [have] in fact appl[ied] the statute in the manner

---

[4] In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court invalidated the "Residual Clause" of 18 U.S.C. § 924(c)'s definition of "crime[s] of violence" as unconstitutionally vague. *Id.* at 2336; 18 U.S.C. § 924(c)(3)(B). Because we hold that the charged offense of threatening to commit physical violence in furtherance of Hobbs Act extortion qualifies as a "crime of violence" under the Elements Clause, *Davis*'s holding does not affect our analysis.

for which he argues." *Id.* at 56 (citations, alterations, and internal quotation marks omitted).

The ultimate indictment charged Nikolla with "threatening physical violence in furtherance of a plan to extort [the victim]" in violation of 18 U.S.C. § 1951(a). App'x at 38. Section 1951(a) defines several separate offenses, one of which applies to a defendant who "commits or threatens physical violence to any person or property in furtherance of a plan or purpose to [commit Hobbs Act robbery or extortion]." 18 U.S.C. § 1951(a); *Scheidler v. Nat'l Org. for Women*, 547 U.S. 9, 22 (2006) (recognizing that committing or threatening physical violence in furtherance of Hobbs Act robbery or extortion is a "separate Hobbs Act crime"). The elements of that offense mirror almost exactly the definition of a "crime of violence" in the Elements Clause of § 924(c). *Compare* 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" as a felony that "has as an element the . . . *threatened use of physical force against the person or property of another*") *with id.* § 1951(a) (imposing criminal liability on any person who "commits or *threatens physical violence to any person or property* in furtherance of a plan [of Hobbs Act extortion]").

8

Nikolla argues that the § 1951(a) offense does not necessarily involve the threat of physical force "against the person or property *of another*," *id.* § 924(c)(3)(A) (emphasis added), because § 1951(a) — which prohibits the use or threat of violence "to *any* person or property" — would impose liability if a defendant's plan of extortion involved a threat of violence to the defendant himself or his property. Br. of Appellant at 11. Nikolla, however, does not cite to any case that applied the Hobbs Act in this way, and we are aware of none. *Gonzales v. Duenas-Avarez*, 549 U.S. 183, 193 (2007) (requiring "cases in which [] courts in fact did apply the statute in the . . . manner for which [the defendant] argues"); *Hill*, 890 F.3d at 56 (same).

We therefore hold that the offense specified in the clause of 18 U.S.C. § 1951(a) by the language "[w]hoever . . . commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of [§ 1951]" is categorically a "crime of violence" under the Elements Clause of 18 U.S.C. § 924(c)(3).

## C. CONCLUSION

For the foregoing reasons, we AFFIRM the July 13, 2017 judgment of the district court.

9