15-1868-cr
*United States v. Bonner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                          15-1868-cr

CHARLES BONNER, AKA H,
DAMON CHAPPELLE, AKA D,
                    *Defendants-Appellants*,

TYRONE DAVIS, JAMIL SPELLER,
RAHEEM JEFFERSON, ZYKIA SPELLERD,
                                    *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | EDWARD B. DISKANT, Assistant United States Attorney (Sarah K. Eddy, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT BONNER: | NICHOLAS J. PINTO, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Laura Taylor Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Charles Bonner appeals the judgment of the district court entered June 4, 2015, convicting him, after a guilty plea, of conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") and possession of a firearm during a crime of violence and drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(1), and sentencing him principally to 93

---

*        The Clerk of the Court is respectfully requested to amend the official caption of this action to conform to the caption listed above.

months' imprisonment.[1]  On appeal, Bonner (1) challenges his § 924(c) conviction on the grounds that the predicate offense of Hobbs Act robbery conspiracy is no longer a "crime of violence" in light of the Supreme Court's decision in *United States v. Davis*, —— U.S. ——, 139 S. Ct. 2319 (2019), and this Court's decision in *United States v. Barrett*, 937 F.3d 126 (2019); and (2) argues that the waiver provision in his plea agreement is unenforceable because there was no informed consent and, absent a crime of violence, the court lacked jurisdiction for the § 924(c) conviction.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## *BACKGROUND*

Bonner was convicted for his participation in a Hobbs Act robbery conspiracy involving the use of firearms and targeting a large shipment of narcotics coming from Florida to New York.  Bonner was indicted for conspiracy to distribute cocaine and heroin (Count One), conspiracy to interfere with commerce by threats or violence (Count Two), and possession of a firearm during a crime of violence and drug trafficking offense (Count Three).  Count One alleged that Bonner "would and did

---

[1]     This court vacated defendant-appellant Damon Chappelle's § 924(c) conviction on May 18, 2020 and remanded the matter to the district court for further proceedings consistent with our order.  Chappelle's plea allocution differed meaningfully from Bonner's, however, as Chappelle allocuted to "agree[ing] to commit a robbery," Dist. Ct. Dkt. 142 at 23, whereas Bonner allocuted to "conspir[ing] to commit a robbery in regards to drugs coming from out-of-state commerce," App'x at 76.

distribute and possess with intent to distribute . . . five kilograms and more of . . . cocaine, and one kilogram and more of . . . heroin." App'x at 43. Count Two alleged that the object of the Hobbs Act robbery conspiracy was to "commit an armed robbery of individuals believed to be engaged in narcotics trafficking." App'x at 44. Count Three charged Bonner with possession of a firearm "during and in relation to a crime of violence and a drug trafficking crime . . . namely, the narcotics conspiracy charged in Count One and the robbery conspiracy charged in Count Two." App'x at 44. Further, the plea agreement stipulated that the object of the offense was "the taking of a controlled substance." App'x at 50.

Bonner signed the plea agreement on November 19, 2014. The agreement provided that "at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant," and "that should the conviction . . . be vacated for any reason, then any prosecution that is not time-barred . . . (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant." App'x at 50, 53.

On November 24, 2014, Bonner pled guilty to Counts Two and Three. At the plea allocution, Bonner confirmed that "the object of the offense charged in Count Two was the taking of a controlled substance," that he "conspired to commit a robbery in regards to drugs coming in from out-of-state commerce," and that he "possessed a gun . . . to use . . . in . . . the robbery." App'x at 73, 76, 77. The Presentence Report

-4-

("PSR") described a recording of a conversation in which Bonner indicated that reselling the cocaine and heroin he intended to steal would not be a problem. At the time of sentencing, Bonner did not object to the factual findings of the PSR.

On May 28, 2015, the district court sentenced Bonner principally to 93 months' imprisonment, finding that Bonner "conspired to commit an armed robbery of drug dealers during which violence was contemplated," that he "traveled . . . to Manhattan in possession of guns and restraints intended to be used in the robbery," that "[h]e was prepared to employ deadly force to achieve his objective," and that he "indicated a willingness and ability to traffic in the narcotics to be stolen." App'x at 105-06.

Judgment was entered June 4, 2015, and Bonner appealed on June 10, 2015. On March 16, 2016, Bonner filed a *pro se* brief arguing that the Court should vacate his conviction because, pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015), the Hobbs Act conspiracy of which he had been convicted no longer qualified as a "crime of violence" under section § 924(c). On November 14, 2016, the Government moved for summary affirmance of Bonner's § 924(c) count. On May 15, 2017, we deferred decision on the Government's motion "pending final decisions in *United States v. Hill*, 2d Cir. 14-3872, and *United States v. Hussain (Barrett)*, 2d Cir. 14-2641." App. Ct. Dkt. 157. On May 19, 2020, we lifted the stay of Bonner's appeal.

*DISCUSSION*

On appeal, Bonner argues that his § 924(c) conviction for unlawful use of a firearm must be vacated because Hobbs Act robbery conspiracy is not a crime of violence under § 924(c)(3) following the Supreme Court's ruling in *Davis*, 139 S. Ct. 2319. Bonner did not raise this objection below, as the Supreme Court decided *Davis* subsequent to his conviction. We therefore review the validity of the conviction for plain error. *See United States v. Nikolla*, 950 F.3d 51, 53 (2d Cir. 2020).

To demonstrate plain error, a defendant "must show (1) error; (2) that is clear or obvious, rather than subject to reasonable dispute; (3) affecting his substantial rights; and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings." *United States v. Aquart*, 912 F.3d 1, 21 (2d Cir. 2018); *see United States v. Marcus*, 560 U.S. 258, 262 (2010). An error affects a defendant's substantial rights when there is a "reasonable probability" that the error affected the outcome of the proceeding. *United States v. Dominguez Benitez*, 542 U.S. 74, 81-82 (2004). Where the outcome is a conviction based on a guilty plea, a defendant can show interference with substantial rights only if he can "show that there is a reasonable probability that, but for the error, he would not have pleaded guilty," which we assess by reviewing the record as a whole. *United States v. Dussard*, 967 F.3d. 149, 156 (2d Cir. 2020); *see United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009) (noting that "in assessing whether the error affects substantial rights, the record as a whole becomes relevant"). Finally," we look

not to the law at the time of the trial court's decision to assess whether the error was plain, but rather, to the law as it exists at the time of review." *United States v. Vilar*, 729 F.3d 62, 71 (2d Cir. 2013).

Section 924(c) prohibits the use, carrying, or possession of a firearm during or in relation to a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). At the time of Bonner's conviction, § 924(c)(3) offered two definitions for the "crime of violence" element of § 924(c)(1)(A): a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). A § 924(c) conviction does not require a conviction on the predicate offense "so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015).

In *Davis*, the Supreme Court held that § 924(c)(3)(B) is "unconstitutionally vague." 139 S. Ct. at 2336. Following *Davis*, this Court concluded that Hobbs Act robbery conspiracy does not qualify as a § 924(c) crime of violence under § 924(c)(3)(A). *See Barrett*, 937 F.3d at 127. In light of these decisions, Bonner contends that his § 924(c) conviction must be vacated because Hobbs Act robbery conspiracy cannot serve as a predicate offense as it no longer qualifies as a crime of violence. The government concedes that Bonner's § 924(c) conviction can no longer be predicated on his Hobbs Act

robbery conspiracy offense. Accordingly, the first two conditions of the plain error-analysis are plainly met. *See Groysman*, 766 F.3d at 155. Given the record as a whole, however, we conclude that Bonner has not demonstrated that the error affected his substantial rights, much less called into question the fairness or integrity of his judicial proceeding.

Here, Count Three of the indictment alleged firearm possession "during and in relation to a crime of violence *and* a drug trafficking crime . . . . *namely, the narcotics conspiracy charged in Count One* and the robbery conspiracy charged in Count Two," giving Bonner clear notice that the narcotics offense charged in Count One -- in addition to the Hobbs Act robbery conspiracy charged in Count Two -- was a predicate for the § 924(c) count. App'x at 44 (emphasis added). Further, Bonner allocuted to "conspir[ing] to commit a robbery in regards to drugs coming from out-of-state commerce," and that he "possessed a gun . . . to use . . . in . . . the robbery." App'x at 76, 77. Moreover, the PSR, to which Bonner lodged no factual objections at sentencing, describes a recorded conversation in which Bonner indicates he would have no difficulty in selling the drug shipment he was conspiring to steal, which included at least 10 kilograms of cocaine and 2 kilograms of heroin.

The evidence thus provides "legally sufficient proof" for a conviction under § 924(c)(1)(A)(i) on the basis of firearm possession during and in relation to a drug trafficking crime. *Johnson*, 779 F.3d at 129 (the applicability of § 924(c)(1)(A)(i)

"does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed"). Moreover, the five-year mandatory minimum sentence provided for in § 924(c)(1)(A)(i) applies to firearm possession during an in relation to *either* a crime of violence *or* a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). Bonner thus fails to show that there is a reasonable probability that he would not have pleaded guilty to Count Three if it had been tied to the drug trafficking predicate in Count One rather than the Hobbs Act conspiracy in Count Two. *See Dussard*, 967 F.3d at 156. Accordingly, assessing the record as a whole, we conclude that Bonner has not demonstrated that the error in his conviction on Count Two, made plain by the decisions in *Davis* and *Barrett*, affected his substantial rights or that vacatur is necessary to safeguard the fairness, integrity, or public reputation of the judicial proceedings supporting his conviction.[2]

\* \* \*

---

[2] Bonner further argues that the waiver provision in his plea agreement is unenforceable because there was no informed consent and that the district court lacked jurisdiction for the § 924(c) conviction because there was no crime of violence. The Government has conceded that the appellate waiver in the parties' plea agreement does not bar Bonner's *Davis* challenge to his § 924(c) conviction. Separately, Bonner's jurisdictional argument is unpersuasive, as the narcotics offense supplies a valid predicate for the offense charged and therefore provides the district court jurisdiction over Bonner's case.

We have considered Bonner's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk